O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1023 PSG<br>CR 08-498-PSG | Date | October 21, 2011 |
|---|---|---|---|
| Title | Shanita Monique Hampton v. United States of America | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**      (In Chambers) Order DENYING Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255

     Before the Court is Petitioner Shanita Monique Hampton's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15; 28 U.S.C. § 2255(b). Having considered the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.      Background

     On November 24, 2008, Shanita Monique Hampton ("Petitioner") was sentenced to 92 months after pleading guilty to two counts of distributing more than five grams of crack cocaine. *See United States v. Shanita Monique Hampton*, CR No. 08-498-PSG, Dkt. #3. Petitioner's sentence was thereafter affirmed on appeal by the Ninth Circuit, *see* Dkt. #51, and on June 21, 2010, the Supreme Court denied her petition for Writ of Certiorari. *See Shanita Monique Hampton v. United States*, Supreme Court Case No. 09-10869. On February 2, 2011, Petitioner filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence due to ineffective assistance of counsel. Petitioner also requests an evidentiary hearing.

II.     Legal Standard

     Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1023 PSG<br>CR 08-498-PSG | Date | October 21, 2011 |
|---|---|---|---|
| Title | Shanita Monique Hampton v. United States of America | | |

or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief through a § 2255 motion, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (internal quotations omitted). Finally, a hearing need not be granted to a prisoner on a § 2255 motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

To succeed on an ineffective assistance of counsel claim, a convicted defendant must show two things. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, counsel's representation of the defendant must have fallen "below an objective standard of reasonableness." *Id*. at 688; *see also id*. at 689 (noting that, because of the inherent difficulties of making this evaluation, "[j]udicial scrutiny of counsel's performance must be highly deferential"). Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687.

III. Discussion

Petitioner's motion is based on claims that counsel 1) failed to ensure that the defendant understood the consequences of her plea; 2) failed to seek a conviction based upon a plea made voluntarily and not under the influence of mind-altering medications; 3) failed to request a downward departure or structured sentence based upon Petitioner's diminished capacity; and 4) failed to seek an in-depth psychological evaluation to determine her mental capacity before sentencing. Memorandum in Support of Motion ("Motion"), pp. 2-4. For the reasons that follow, the Court finds these claims to be without merit.

    A.    Counsel's Alleged Failure to Ensure a Voluntary and Intelligent Plea

Petitioner's first two claims amount to a contention that counsel did not make an objectively reasonable effort to ensure that her guilty plea was "voluntary and intelligent." *See*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1023 PSG<br>CR 08-498-PSG | Date | October 21, 2011 |
|---|---|---|---|
| Title | Shanita Monique Hampton v. United States of America | | |

*North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (stating that to be valid a guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant"). More specifically, Petitioner claims that at the time of her plea hearing she was under the influence of Seroquel, an anti-depressant and anti-psychotic medication prescribed for her by the medical staff at the federal holding facility, and as a result "did not understand the circumstances of her plea." *See Motion*, p. 3. She argues that her counsel "was aware of her mental state, yet allowed her to continue with the plea hearing and accept the plea agreement." *Id*. Thus, according to Petitioner, "[c]ounsel failed to ensure that the petitioner understood the consequences of her plea" and failed "to seek a conviction based upon a plea made voluntarily and not under the influence of mind altering medications." *Id*.

The record, however, does not support a finding that counsel's representation of Petitioner failed to meet "an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. At the plea hearing, Petitioner informed the Court that she was taking Seroquel as a treatment for her mental health, but that it did not in any way affect her ability to understand the proceedings. *See July 28, 2008, Transcript of Proceedings* ("*Hearing Transcript*") 5:4-19. When asked if she had any other mental conditions that might prevent her from fully understanding the consequences of her plea, she answered no. *Id.* at 5:25-6:4. Through the remainder of the hearing, Petitioner responded to the Court's questions in a clear and accurate manner, and she repeatedly asserted that she understood the nature of the proceedings and the consequences of her plea, and that she was pleading voluntarily and of her own free will. *See id*. at 13:24-14:17, 16:10-17, 17:20-22, 23:2-14. Based on its observation of Petitioner's "intelligence, demeanor, and attitude," the Court expressly found that Petitioner did "not appear to be under the influence of any medicine, drug, or other substance or factor that might affect her actions or judgment in any manner," *id.* at 27:16-21; that she was "fully competent and capable of entering an informed plea," *id.* at 27:21-22; that she was "aware of the nature of the charges and the consequences of her plea," *id.* at 27:23-24; and that her plea was "knowingly, voluntarily and intelligently made with a full understanding of the nature of the charges, the consequences of the plea, and [her] constitutional rights." *Id.* at 27:25-28:3.

Moreover, the record indicates that prior to the hearing counsel fully discussed the plea agreement and its consequences with Petitioner, and that at no time did Petitioner's manner give counsel reason to believe her mental state was impaired or that she was entering her plea involuntarily. *See id.* at 6:7-16, 19:16-21:2; *Opposition*, Exh. 8 at 8:16-9:2. The record does indicate that counsel knew Petitioner was taking Seroquel, but so did the Court, and that

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1023 PSG<br>CR 08-498-PSG | Date | October 21, 2011 |
|---|---|---|---|
| Title | Shanita Monique Hampton v. United States of America | | |

knowledge did not render counsel's decision to proceed with the plea agreement any more unreasonable than it did the Court's decision to proceed in accepting the plea. Accordingly, the Court rejects Petitioner's first and second claims.

    B.    <u>Counsel's Alleged Failure to Seek an Appropriate Sentence</u>

Petitioner's third claim is that counsel's representation was deficient because he failed to seek a downward departure in her sentence based upon her suffering from "depression, anxiety and mental illness," and failed to seek a sentence that would allow Petitioner "the necessary treatment to heal and deal with the abuse of her childhood." *See Motion*, p. 3. This claim, however, is belied by both the sentencing memorandum filed by counsel and the transcript of the sentencing hearing, which demonstrate that counsel advocated strongly for a downward departure in Petitioner's sentence based on her background and mental health, including the "psychological effects" of her having been abused as a child and her addiction to crack cocaine. *See Sentencing Memorandum*, 2:24-6:22; *November 24, 2008*, *Transcript of Proceedings* ("*Sentencing Transcript*"), 5:4-6:4. The record also reflects that counsel requested and the Court in fact imposed a sentence that included substance abuse treatment and mental health treatment. *See Sentencing Transcript* 6:15-17, 13:12-15, 14:20-25. Petitioner's third claim is thus unavailing.

    C.    <u>Counsel's Alleged Failure to Request Additional Psychological Evaluation</u>

Petitioner's final claim is that counsel's representation was deficient for failing to seek an in-depth psychological evaluation of Petitioner prior to her sentencing when she "clearly suffered from depression, schizophrenia, and multiple mental disorders." *See Motion*, p. 4. According to Petitioner, this failure prevented her from being "appropriately heard in consideration of her diminished [mental] capacity," which she contends would have resulted in a downward departure from the sentencing guidelines. *See id.*

Under *Strickland*, counsel is not required "to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing." *Wiggins v. Smith*, 539 U.S. 510, 533 (2003). Rather, counsel is simply required to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1023 PSG<br>CR 08-498-PSG | Date | October 21, 2011 |
|---|---|---|---|
| Title | Shanita Monique Hampton v. United States of America | | |

As discussed above, the record indicates that counsel had no reason to suppose Petitioner's mental state was impaired. Nor do the medical records to which Petitioner points demonstrate that it was unreasonable for counsel not to seek an additional psychological evaluation prior to sentencing. *See Motion*, Exhs. A, B. In fact, the only two forms that address this issue, even indirectly, indicate that Petitioner was not in need of an "Immediate Medical Follow-up." In sum, to the extent counsel had reason to be concerned for Petitioner's mental health, he made those concerns known to the Court and argued them in mitigation of her sentence. Accordingly, Petitioner's final claim is without merit.

D. Plaintiff's Request for a Hearing

The Court finds that Petitioner's Motion and the record conclusively show that Petitioner is not entitled to relief on her ineffective assistance of counsel claim. As a result, Petitioner is not entitled to a hearing. *See* 28 U.S.C. § 2255(b); *Leonti*, 326 F.3d at 1116.

IV. Conclusion

For the foregoing reasons, the Court DENIES Petitioner's motion under 28 U.S.C. § 2255 and her request for an evidentiary hearing. In addition, Petitioner has failed to make a "substantial showing of the denial of a constitutional right" on any of her claims, and a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is therefore DENIED.

**IT IS SO ORDERED.**